UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW TOBIAS, | |
| Plaintiff, | CASE NO. C20-0342-RAJ |
| v. | |
| FEDERAL GOVERNMENT, | REPORT AND RECOMMENDATION |
| Defendant. | |

Plaintiff Andrew Tobias, appearing *pro se*, filed an application to proceed *in forma pauperi*s (IFP) and a proposed civil complaint. (Dkt. 1.) Plaintiff's claims are difficult to decipher, with allegations of "psychic spying" and "psychic attacking" by the federal government. (Dkt. 1-1 at 5; Dkt. 1-2 at 1.)   He alleged similar claims in a number of other cases filed in this Court. *Tobias v. Federal Government*, C19- 02017-JLR; *Tobias v. Federal Government*, C19-2095-RSM; *Tobias v. The White House*, C19-2096-JCC; *Tobias v. Federal Government*, C20-0340-RSM; and *Tobias v. Federal Government*, C20-0341-RAJ.

Plaintiff bears the burden of establishing his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001).  He must plead sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the

action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, when it appears subject matter jurisdiction is lacking, the Court "shall dismiss the action" and may do so on its own initiative. *Munoz v. Mabus*, 630 F.3d 856, 860 (9th Cir. 2010); *Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982). An action may be dismissed for lack of subject matter jurisdiction, without leave to amend, when it is clear the jurisdictional deficiency cannot be cured by amendment. *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks and quoted sources omitted). Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff here fails to identify a sufficient basis for federal jurisdiction. Nor is there a reasonable basis for concluding the jurisdictional deficiency could be cured by amendment. Further, because this action appears frivolous and fails to state a claim upon which relief may be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Because of the deficiencies in the proposed complaint, the request to proceed IFP should be DENIED and this case DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(h)(3). A proposed order of dismissal accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

REPORT AND RECOMMENDATION
PAGE - 2

and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 3, 2020**.

DATED this 12th day of March, 2020.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge